# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0697, <u>In the Matter of Neeraja Reddy and Veerender Makam</u>, the court on October 17, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Veerender Makam (husband), appeals the final decree of the Circuit Court (<u>Introcaso</u>, J.) in his divorce from the petitioner, Neeraja Midella Reddy (wife).  He argues that the trial court erred in:  (1) accepting the wife's revised proposed decree shortly before the final hearing; (2) awarding the children's tax exemptions to the wife; (3) ordering him to remove his personal property from the marital home within 90 days; (4) awarding the wife a portion of his retirement account and certain bank accounts to equalize the property division; (5) omitting an alleged $7,751 India life insurance policy from the marital estate; (6) awarding the marital residence and an adjacent rental property to the wife; (7) awarding one of the parties' five real estate parcels in India to the wife; (8) allegedly including a $2,505.92 tenant security deposit account in the marital estate; (9) accepting the parties' stipulated values of the Indian real estate; (10) including his $10,000 relocation bonus in the marital estate; and (11) failing to conclude that the wife diminished the value of the marital estate by certain bank account transfers and withdrawals.

The trial court, following a two-day hearing, granted the parties a divorce based upon irreconcilable differences.  At the outset of the hearing, the husband moved to strike the wife's revised proposed decree, provided to him two days before the hearing.  Upon questioning by the court, the husband declined a continuance and his counsel identified no prejudice to the timing, asking only for the lack of notice of the changes to be considered in the court's review.  After considering all the testimony and other evidence, the court found an equal division of the marital estate, with minor adjustments, to be an equitable division.  On reconsideration, the court clarified that the tenant security deposit account was not a marital asset.  At trial, the husband failed to introduce the India life insurance policy or sufficient evidence that it existed.  The court awarded the parties joint decision-making responsibilities for the parties' two children and awarded primary residential responsibility for the children to the wife.

We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree.  In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  Id.  "In a divorce proceeding, marital property is not to be divided by some mechanical formula but in a manner deemed 'just' based upon the evidence presented and the equities of the case."  In the Matter of Letendre & Letendre, 149 N.H. 31, 35 (2002).  "If the court's findings can reasonably be made on the evidence presented, they will stand."  Id. at 36.  Under RSA 458:16-a, II (2004), an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute.  Id. at 35.

As the appealing party, the husband has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the husband's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the husband has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Lynn, Bassett, and Hantz Marconi, JJ., concurred.


**Eileen Fox,
Clerk**

2